FILED
SUPERIOR COURT
OF GUAM

2020 NOV 25 PM 1: 32

CLERK OF COURT

By:_____



## IN THE SUPERIOR COURT OF GUAM

THOMAS J. FISHER,

                Petitioner,

vs.

LILLIAN POSADAS
CHIEF EXECUTIVE OFFICER
GUAM MEMORIAL HOSPITAL
AUTHORITY,

                Respondent.

SPECIAL PROCEEDINGS
CASE NO. SP0113-20

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on September 17, 2020, for remote hearing on Petitioner Thomas J. Fisher's ("Petitioner") Verified Petition for an Order to Show Cause or Peremptory Writ of Mandamus. Present via Zoom were Petitioner, Respondent Lillian Posadas ("Respondent"), and Assistant Attorney General James L. Canto II, counsel for Respondent. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On July 28, 2020, Petitioner made a request for production of certain documents from the Guam Memorial Hospital Authority ("GMHA") pursuant to the Sunshine Reform Act. (Verified Pet. at 2, Aug. 5, 2020). On August 14, 2020, the Court issued an Alternative Writ of Mandamus directing Respondent to disclose the requested documents and to appear before the

*Fisher vs. Posadas*
Case No. SP0113-20
Decision and Order

Page 1 of 5

Court on August 20, 2020, to demonstrate compliance or show cause why Respondent need not comply. (Alternative Writ of Mandamus, Aug. 14, 2020). The August 20, 2020 was subsequently rescheduled due to the return of the island of Guam to PCOR1 status.

At the time of the hearing on the Petition on September 17, 2020, Petitioner indicated he was satisfied that he had received all documents as requested, but moved for attorney's fees and costs pursuant to 5 G.C.A. § 10112(d), as requested in his Petition. *See* Verified Pet. at 3. The Court gave the parties additional time to brief the issue of attorney's fees and costs. On October 8, 2020, Respondent filed an Opposition to Petitioner's Motion for Attorney's Fees, and on October 13, 2020, Petitioner filed his Reply. The Court subsequently placed the matter under advisement.

## DISCUSSION

The issue before the Court is whether Petitioner should be awarded attorney's fees and costs in this matter. Title 5 G.C.A. section 10112 provides that:

> The Court shall award court costs and reasonable attorney fees to the plaintiff should the plaintiff prevail after initial filing of the complaint pursuant to this Section. The costs and fees shall be paid by the public agency of which the public official is a member or employee and shall not become a personal liability of the public official. If the Court finds that the plaintiff's case is clearly frivolous, it shall award court costs and reasonable attorney fees to the public agency.

5 G.C.A. § 10112(d). The parties dispute whether GMHA timely responded to the request. Petitioner asserts that "[b]ut for the filing of the Petition, Petitioner would not have received the requested documents" and is therefore entitled to his requested relief. (Reply at 2, Oct. 13, 2020). Accordingly, the Court finds it necessary to go through the events leading up to Petitioner's receipt of the requested documents. The record before the Court indicates the following:

On July 28, 2020, Petitioner made a request for production of certain documents from the Guam Memorial Hospital Authority ("GMHA") pursuant to the Sunshine Reform Act via facsimile. *See* Attachment A, Verified Pet., Aug. 5, 2020. On July 28, 2020, Brandon Ogo from Fisher & Associates emailed Respondent requesting confirmation of receipt of the email

*Fisher vs. Posadas*
Case No. SP0113-20
Decision and Order

Page 2 of 5

and the faxed FOIA letter request. *See id.* Respondent replied to the email on the same day, acknowledging receipt. *Id.*

On August 3, 2020, Theo Pangelinan, an Administrative Officer with GMHA, emailed Petitioner GMHA's response to the July 28, 2020 Sunshine Reform Act request, which included eleven (11) documents in PDF format. (Decl. of Theo Pangelinan ¶¶ 6-7; Ex. 2; 6-16, Aug. 19, 2020). Mr. Pangelinan never received a "bounce back" message informing him that the August 3, 2020 email was undeliverable. *Id.*

On August 6, 2020, Mr. Pangelinan received a document entitled "Alternative Writ of Mandamus" alleging that GMHA failed to respond to the FOIA request, and called Fisher & Associates. (Decl. of Theo Pangelinan ¶ 9). Mr. Pangelinan informed Mr. Ogo that GMHA's FOIA response was emailed on August 3, 2020, however Mr. Ogo claimed he did not receive the email. *Id.* Mr. Ogo requested Mr. Pangelinan re-send the email and informed Mr. Pangelinan that there was no other alternative email address that could also be used. *Id.* Mr. Pangelinan emailed the same attachments on August 6, 2020. *Id. See also*, Ex. 3. Mr. Pangelinan did not receive a "bounce back" message to this email as well. *Id.*

On August 7, 2020, Petitioner called Mr. Pangelinan inquiring about GMHA's FOIA response. *Id.* at ¶ 10. Mr. Pangelinan explained to him that he "emailed GMHA's response with attached documents to fisherassociates@teleguam.net twice, once on August 3, 2020 and once on August 6, 2020" and told him that he never received a "bounce back" email message indicating that the emails were undeliverable. *Id.* Petitioner requested that physical copies of the documents be made available to be physically picked up. *Id.* Petitioner also told Mr. Pangelinan to "phone his office when the document copies were available for pick up, and he also informed [him] that he will continue to proceed with his Writ regardless." *Id.*

Later that day, Mr. Ogo also phoned Mr. Pangelinan and they had a similar conversation. *Id.* at ¶ 12. On the same day, Mr. Pangelinan phoned the Fisher & Associates office twice, once at 4:22 p.m. and once at 4:27 p.m., but no one answered the phone and there was no voice mail or answering machine. *Id.* at ¶ 13. According to Mr. Pangelinan, Mr. Fisher told him that the office would be open until 5:00 p.m. *Id.* Mr. Pangelinan called the office the

*Fisher vs. Posadas*
Case No. SP0113-20
Decision and Order

Page 3 of 5

following business day at 10:00 a.m., and there was no answer or option to leave a voice message. *Id.* at ¶ 14. Mr. Pangelinan had GMHA's office runner hand deliver all eleven (11) responsive documents and GMHA Administrator Posadas' cover letter, in a set of one hundred ninety-five (195) pages to the Fisher & Associates office at 2:26 p.m. on August 10, 2020. *Id.* at ¶ 15; *see also* Decl. of Theo Pangelinan, Ex. 4 and Ex. 5.

When a Government of Guam agency receives a request for production of documents pursuant to the Sunshine Act, it must comply with the request within four (4) working days from receipt of the request "if the records requested are disclosable public records in the possession of the agency." 5 G.C.A. § 10103(d). In this case, the date of the request was Tuesday July 28, 2020. Four (4) working days[1] from July 28, 2020 would be Monday, August 3, 2020. August 3, 2020 is the date on which GMHA avers the requested documents were sent to Petitioner. *See* Decl. of Theo Pangelinan ¶¶ 6-7; Ex. 2; 6-16.

Petitioner's request does not set forth a specific format for receipt of the requested documents.[2] *See* Petition, Ex. A. The request simply requests for the documents to be provided pursuant to the Sunshine Reform Act.[3] *Id.* The Court finds that Respondent provided Petitioner with the requested information before the Petition was filed on August 6, 2020, and before the Alternative Writ of Mandamus was issued by this Court on August 13, 2020: Respondent made all best efforts to provide the requested documents to Petitioner by emailing the documents

---

[1] The Court finds that the ordinary meaning of "working days" does not include legal holidays and weekend days.

[2] "In making any record available to a person under this Chapter, an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format. Each agency shall make reasonable efforts to maintain its records in forms or formats that are reproducible in electronic form, through electronic mail or on computer disk." 5 G.C.A. § 10104(b).

[3] The request reads as follows:

> *Hafa Adai.* Pursuant to the Sunshine Reform Act of 1999 please provide the following:
> 1. Any and all agreements between and among Cantata Health LLC, Medsphere Systems Corporation and the Guam Memorial Hospital Authority
> 2. Any and all agreements between and among Cantata Health LLC, Medsphere Systems Corporation, and the Guam Memorial Hosptial Authority in regard to a health records system

(Verified Pet., Attachment A).

*Fisher vs. Posadas*
Case No. SP0113-20
Decision and Order

Page 4 of 5

twice, first on August 3, 2020 and then on August 6, 2020, and subsequently having physical copies of the documents delivered to Petitioner's office on August 10, 2020. Accordingly, the Court finds that Petitioner's writ did nothing to compel respondent to do anything that it did not otherwise already do. There is nothing in the record before the Court indicating that GMHA chose to not make the requested documents available to Petitioner in a timely fashion. Therefore, the Court finds that there is no basis to award Petitioner attorney's fees and costs for this action.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Petitioner's request for attorney's fees and costs.

**IT IS SO ORDERED** this 24th day of November, 2020.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

T. Fisher
AG
Date: 11/25/20  Time: 120

Deputy Clerk, Superior Court of Guam

*Fisher vs. Posadas*
Case No. SP0113-20
Decision and Order